

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00096-CR

NGA LONE AUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 072,330-E, Honorable Douglas R. Woodburn, Presiding

March 5, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Nga Lone Aung appeals his conviction for capital murder. The jury found that he intentionally shot and killed a husband and wife in their yard and home during the same criminal episode. On appeal, he asserts that the trial court erred in refusing to suppress evidence obtained in violation of his constitutional right prohibiting unlawful searches and seizures. The evidence in question was obtained while law enforcement officials searched 1) his bedroom after being given access to the apartment by his roommate and 2) his car. We affirm.

For purposes of this appeal, we assume, *arguendo*, that appellant is correct and focus only on harm. When error implicates evidence obtained in violation of the Fourth Amendment, we must reverse unless we determine beyond a reasonable doubt that it did not contribute to appellant's conviction or punishment. TEX. R. APP. P. 44.2(a); *Gibson v. State*, 253 S.W.3d 709, 716–17 (Tex. App.—Amarillo 2007, pet. ref'd). This test obligates us to ask whether there is a reasonable possibility that the error might have contributed to the conviction. *Id.* at 717. And, our answer is influenced by indicia such as the importance of the improperly admitted evidence to the State's case, whether it was cumulative of other evidence, the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence on material points, and the overall strength of the State's case. *Biera v. State*, 391 S.W.3d 204, 211–12 (Tex. App.—Amarillo 2012, pet. ref'd).

The record reveals that searching appellant's bedroom and car resulted in the discovery of miscellaneous evidence such as a gun case in the bedroom, cigarettes that were consistent with the cigarette butt located at the shooting scene, a bullet hole in the dashboard of the car, and a bullet in the car. Yet, it was of little import given other evidence admitted at trial. For instance, appellant's DNA was discovered on the cigarette butt located at the scene. Furthermore, shell casings, footprints, and tire tracks at the scene compared favorably to the gun appellant owned, shoes appellant wore, and the tires on appellant's car, respectively. But, most importantly, appellant told the jury during the guilt/innocence phrase of the trial not only that he shot the husband and wife but also how he did it and why.

2

Simply put, the only real issue raised at trial was whether appellant shot his victims with the requisite *mens rea*. The evidence garnered as a result of the searches in question had little relationship to that topic. So, the evidence about which appellant does not complain coupled with his own trial testimony prevents us from finding a reasonable probability that the searches of his car and bedroom contributed to appellant's conviction.

We overrule the point of error and affirm the trial court's judgment.


Per Curiam


Do not publish.